Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9503 | DATE | 3/13/2003 |
| CASE TITLE | USA vs. Dennis King | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Because King has failed to obtain the necessary certification order to have this Court hear his petition, we are without jurisdiction to rule on the matter. King's motion to vacate, set aside, or correct his sentence is denied. The status hearing set for 4/17/03 is stricken. Defendant's motion to proceed in forma pauperis (2-1) and any other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 17 2003 date docketed | 8 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/13/2003 date mailed notice | |
| GL | courtroom deputy's initials | 03 MAR 14 AM 8:28 Date/time received in central Clerk's Office | GL mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DENNIS KING, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 02 C 9503 |

**DOCKETED**
**MAR 17 2003**

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Dennis King has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. For the reasons set forth below, we deny King's motion.

## I.     BACKGROUND

On May 12, 1994, King was convicted of six counts of using facilities in interstate commerce with the intent that a murder be committed in violation of 18 U.S.C. §1958. His conviction was affirmed by the Seventh Circuit on direct appeal. *See United States v. King*, 75 F.3d 1217 (7th Cir. 1996). In February 1997, King filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. In his motion, King made 22 claims regarding the ineffective assistance purportedly rendered by both his trial and appellate attorneys. On April 29, 1997, this Court denied King's motion in a written memorandum and opinion. *See United States v. King*, 1997 WL 223057 (N.D. Ill. 1997). On April 2, 1998, we declined to issue a certificate of appealability, a decision which the Seventh Circuit upheld on April 27, 1998. In its order the Seventh Circuit also denied King's motion for the preservation of certain tape recordings that he was seeking to obtain from the M.C.C.

In 2002, five years after this Court denied his request for post-conviction relief, King filed a 28 U.S.C. §2241 petition in the Eastern District of Kentucky in which he raised 22 claims. The district

includes the Federal Medical Center in Lexington where King is currently incarcerated. The district court dismissed King's petition. King appealed that dismissal to the Sixth Circuit. On December 11, 2002, the Sixth Circuit affirmed the district court's dismissal of King's §2241 petition. *See King v. Thoms*, 2002 WL 31780932 (6th Cir. 2002). The Sixth Circuit explained that a §2241 petition is to be used only if a petitioner can "[e]stablish that §2255 is inadequate or ineffective to test the legality of his detention." *Id.* The court stated that "[t]he leading, and arguably only, example of an 'inadequate or ineffective' remedy under §2255 is the case of a prisoner who can show that an intervening change in the law establishes his actual innocence." *Id.* (citation omitted). The Sixth Circuit found that King's "actual innocence" claim merely "rehash[ed]" certain arguments King previously made to this Court. *Id.* On December 30, 2002, King filed his current motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 with this Court.

## II. DISCUSSION

King's latest petition for relief under 28 U.S.C. §2255 contains the following wide-ranging and intertwined claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) failure of appellate counsel to obtain certain tape recordings that prove King's innocence; and (4) illegal imposition of sentence. We specifically rejected each of those claims on the merits in our opinion denying King's first motion to vacate, set aside, or correct his sentence. The Antiterrorism and Effective Death Penalty Act ("AEDPA") bars an individual from filing a second or successive habeas petition without obtaining leave to do so from the circuit court. *See* 28 U.S.C. §§2244(b)(3), 2255 ¶8. It is clear that if the first petition was decided and dismissed on the merits, any later petition is "successive." *See, e.g. Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 2000). In light of our denial of King's first petition on the merits, we find King's current petition to be

successive. Because King has failed to obtain the necessary certification in order to have this Court hear his petition, we are without jurisdiction to rule on the matter.

## III. **CONCLUSION**

For the foregoing reasons, we deny King's motion to vacate, set aside, or correct his sentence. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 3/13/03

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

USA                  **JUDGMENT IN A CIVIL CASE**

v.                  Case Number: 02 C 9503

Dennis King

☐ ~~Jury Verdict.~~ This action came before the Court for a trial by jury. The issues have been tried and ~~the jury rendered~~ its verdict.

☐ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Because King has failed to obtain the necessary certification order to have this Court hear his petition, we are without jurisdiction to rule on the matter. King's motion to vacate, set aside, or correct his sentence is denied.

Michael W. Dobbins, Clerk of Court

Date: 3/13/2003

Gladys Lugo, Deputy Clerk